PEOPLE *versus* PETER D. LABADIE, Jʀ.
January 17, 1842.

Christiancy, prosecuting attorney.
H. T. Backus, attorney for defendant.

[Paper 1]
[INDORSEMENT]
The People &c
vs.
Peter D. Labadie Junʳ
On Questions Certified to Sup. Court—from
Monroe Circuit.

[QUESTIONS RESERVED]

To the Hon⁰ the Judges of the Supreme Court of the State of Michigan.

The undersigned respectfully certifies and submits for the determination of the Supreme Court, certain questions of law which were reserved by him on the trial of Peter D. Labadie Junʳ on an Indictment charging the said Labadie with Perjury in the Circuit Court for the County of Monroe at the last December Term thereof—, a copy of which Indictment is hereto annexed.

On that trial two questions were raised and reserved by the undersigned.

First   Whether the averment in the Indictment, that a certain issue was joined in a plea of debt, between James Ellison Plaintiff and John D. Labadie Medard Labadie and Anthony B. Beaubien, as set forth in the Indictment, was duly proved on the trial of said Peter D. Labadie Junʳ?
and

Second—Whether the matter testified to by the said Peter D. Labadie Junʳ on the trial of such issue, upon which the Perjury was assigned as set forth in said Indictment, was duly proved to have been material on the trial of said issue?

The Evidence on the trial of said Labadie Junʳ on said Indictment which tended to prove the averment in the Indictment that an issue was joined between the parties as set forth in the Indictment; was as follows, that is to say: that an action of debt was originally commenced before a Justice of the Peace in favor of James Ellison Plaintiff, and against John D. Labadie, Medard Labadie and Anthony B. Beaubien Defendants—that the Plaintiff filed with the Justice of the peace as his declaration in the cause, a bond for the Prison limits executed by the Defendants to the Plaintiff

conditioned that one of the Defendants John L. Labadie should remain within the prison limits in the usual form— that the Defendants did not file any plea before the Justice— that the cause was tried before the Justice and that all the Defendants were present at the trial, together with Peter D. Labadie Jun$^r$ as their attorney & Counsel—that the Justice gave judgment for the Plaintiffs, and thereupon the Defendants appealed to the Circuit Court aforesaid—and that such appeal was duly entered—that while the appeal was pending in the Circuit Court and before trial, the Defendants Attorney applied to the Court and obtained leave to plead in the cause and thereupon filed a plea of Nil debit—that there was no other declaration filed in the cause by the Plaintiff but the said bond which was sent up on the appeal by the Justice and examined in the Circuit Court, except the transcript of the Justice, which contained these words—"The Plaintiff declares on a limit bond on file—["]

Upon this State of the pleadings the parties went to trial in the Circuit Court before a Jury and the cause was tried in the same manner as though a regular and formal declaration upon the bond had been filed setting forth a breach of the condition by the Departure of the said John D. Labadie from the prison limits, and as though the Defendants plea of Nil debit had been filed to such formal declaration— and an issue had in due form been joined in the cause.

This was all the Evidence to show that an issue had been joined in the cause as alleged in the Indictment.

The second question is whether there was proper and sufficient evidence given on the trial of Labadie Jun$^r$ on the Indictment, that the matters testified to by him on the trial of said cause on appeal in the Circuit Court, upon which the Perjury was assigned, were material to the issue joined in the cause?

And upon this point there was no other evidence excepting that above stated, and that hereinafter stated—

The matters testified to by Labadie Jun[r] and upon which the Perjury was assigned related to the admissions of John D. Labadie on the trial of the origination [original] action before the Justice of the Peace as stated in the Indictment and the Evidence corresponded with the Statement.

Upon the trial of the said Peter D. Labadie Jun[r]—on the said Indictment, the above mentioned questions were raised by his Counsel and by the counsel of the said Labadie Jun[r] the undersigned reserved the same for the decission of the Supreme Court; and thereafter left the cause to the Jury as if the Evidence in both respects was sufficient in the law,— and the Jury returned a verdict of guilty.

All which is respectfully submitted.

Ann Arbor Jan[y] 1, 1842:

W[m] A. Fletcher.

[Paper 2]

[INDORSEMENT]

People &c
vs.          } 1 Circuit—
Labady

Opinion—

[OPINION]

The People
vs.
Peter D. Labadie Jun[r]

This case comes before this Court on certain questions

reserved and certified by the Presiding Judge of the Circuit Court for the County of Monroe.

The Deft was indicted for Perjury—

The Indictment alleged that the Deft was sworn and testified as witness on the trial of a certain issue joined in a plea of debt in a certain action wherein James Allison was Plff and John D. Labadie, Medard Labadie and Anthony Beaubien were Defts—and assigned the perjury upon that Testimony.

On the trial of the Deft. upon this Indictment, the prosecutor proved that the cause between the above named parties, was originally commenced before a justice of the peace, in debt, and that the Plff in that cause filed, as his declaration before the Justice, a bond for the prison limits executed by the Defts to the Plff, conditioned that John D. Labadie should remain a prisoner within the limits of the County, in the usual form—And the Justice made upon his docket the following entry—"The Plff declares on a limit bond on file"—It was further proved that the Defts did not file any plea. That all the Defts were present before the Justice, and that a trial was had, and a Judg$^t$ rendered against the Defts— And that the Defts thereupon appealed to the Circuit Court for the County of Monroe—It was further proved that the appeal was duly entered in the Circuit Court, and that no other declaration was filed in the cause, except that the transcript of the justice was filed on entering the appeal, in which it was stated that the Plff declared on a limit bond on file;— and the return and filing of the said bond—That after the appeal was entered and before trial, the attorney for the Defts moved for and obtained leave from the Circuit Court to file a plea—and thereupon filed *for all of the Defts a plea* of *Nil debit*—concluding to the country—No Similiter was added—*and there was no* other or further pleadings in the cause.

Upon this state of the pleadings the parties went to trial before a jury, and the cause was in fact tried in the same manner as if a formal declaration alleging a breach of the condition of such bond, by the departure of the said John D. Labadie from the prison limits—had been filed, and a Similiter had been added to the plea nil debit This was all the evidence given on the trial upon the Indictment, tending to prove the averment in the indictment that a certain issue was joined in a plea of debt. And the question is whether the evidence supports this averment?

In support of the prosecution, it has here been urged that the evid. substantially supports the allegation—on the ground that formal pleadings and a formal issue are not required in a suit before a Justice's Court, nor on the trial of such a suit on appeal to the Circuit Court. That the Stat. has declared that appealed causes shall be tried on the pleadings below, unless the Circuit Court shall otherwise direct, and that it was therefore competent and proper for the Circuit Court to try the cause in question, upon the state of the pleadings above set forth—in the same manner as if there had been regular pleadings and a formal issue joined to the country— —On the part of the Deft. it is contended, that whether it was or was not competent and regular for the Circuit Court to try the cause on appeal upon the State of the pleadings set forth, yet the evid. does not support the averment that an issue had been joined in the cause—That having made this averment the prosecutor is bound to prove it strictly—

There is a well settled dis[tinc]tion between descriptive allegations, which must be strictly proved, and other averments which must be substantially proved—Averments *descriptive* of records, writings, and property, must be supported by proof of every fact and circumstance which is necessary

to establish the identity of the matters averred—In each of these descriptive allegations, the question, as to the sufficiency of the proof to support the allegation, is one of identity, and any substantial variance is fatal. The same rule upon this subject applies both in civil and criminal cases.

2 East P. C. 3 Stark. Ev. 2 Russ on Cr. Arch. cr. Pl. &c.

That the averment in question is descriptive can hardly be questioned—The subject matter of the allegation is the State of the pleadings, and when the Indictment alleges that an issue was joined in a plea of debt in a certain specified cause depending in a Court of Record of common law jurisdiction, and proceeding according to the course of the common law, we must intend, that there are sufficient pleadings and an issue joined in due form of law.

The pleadings are a part of the record, and when it is averred that an issue has been joined in a plea [of] debt, in a suit upon a bond for the prison limits, we must legally intend, that a declaration has been filed assigning a breach of the condition of the bond, and that such further pleadings have been filed as have resulted in the joining of an issue to the country in due form—of law.

Nor is it any answer to say that the Circuit Court, on such a State of pleadings, in an appealed case had a right to proceed in the trial of the cause in the same manner as if there had been formal pleadings and a formal issue. There was no necessity to aver in the indictment that an issue had been joined in the cause—

But although not necessary to have been averred, yet, as it is averred, the proper and strict proof must be made and can in no case of descriptive averments be dispensed with—Verdict set aside—And a nolle pros. entered—and that Deft be discharged from custody, unless detained on some other cause—